**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JOHN TURNER,

        Plaintiff,

vs.

CLARK COUNTY; *et.al.*,

        Defendants.

Case No. 2:16–cv–2413–RFB–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO.1) AND COMPLAINT (ECF NO. 1-1)

    Before the court are Turner's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Turner's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Turner's complaint be dismissed with leave to amend.

**I. Discussion**

    Turner's filings present two questions: (1) whether Turner may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Turner's complaint states a plausible claim for relief. Each is discussed below.

1. Turner May Proceed *In Forma Pauperis*

    Turner's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Turner submitted a financial affidavit. (ECF No. 1). According to the affidavit, Turner is incarcerated. Turner's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Because the court grants Turner's application to proceed *in forma pauperis*, it must review Turner's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Turner's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Turner's claims arise from his arrest, detention, and court proceedings in Las Vegas, Nevada. Turner asserts a number of claims against various individuals involved in criminal proceedings against him in state court, as follows:

    a.    <u>Judge Goodman</u>

"It is well settled that judges are generally immune from civil liability under section 1983." *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Id.* Turner alleges that Judge Goodman violated his due process rights by raising his bail from $10,000 to $100,000. The decision regarding bail is judicial act for which Judge Goodman is entitled to absolute judicial immunity. *Meek*, 183 F.3d at 965. All claims against Judge Goodman should be dismissed with prejudice.

    b.    <u>Deputy District Attorney Dena Rinetti</u>

"'[I]n initiating a prosecution and in presenting the State's case,' the prosecutor is immune from a civil suit for damages under §1983." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001)(quoting Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). "This immunity covers

the knowing use of false testimony at trial, the suppress of exculpatory evidence, and malicious prosecution." *Id.*  Turner alleges that Deputy District Attorney Dena Rinetti made comments about Turner not being assaulted in jail during a court hearing.  (ECF No. 1-1)  Deputy District Attorney Rinetti's comments, which were made during a court hearing, were part of the State's case.  She is thus entitled to absolute prosecutorial immunity.  All claims against her should be dismissed with prejudice.

  c. <u>The State of Nevada and the Nevada Department of Parole and Probation</u>

A state cannot be sued under section 1983 "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it, however, a State cannot be used directly in its own name regardless of the relief sought."  *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).  A claim against the Nevada Department of Parole and Probation, a state agency, is considered a claim against the State of Nevada.  *Garcia v. City of Merced*, 637 F.Supp. 2d 731, 759 (E.D.Cal. 2008).  Turner has not cited any authority that indicates the State of Nevada waived its Eleventh Amendment immunity or that Congress has overridden such immunity.  Turner's claims against the State of Nevada and the Nevada Department of Parole and Probation should be dismissed with prejudice.

  d. <u>Clark County, Las Vegas Metropolitan Police Department, and Clark County Detention Center</u>

"[A] municipality may not be held liable for a §1983 violation under a theory of respondeat superior for the actions of its subordinates."  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016).  "In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury."  *Id.*  Turner has not clearly identified a policy or custom enacted by Clark County,

the Las Vegas Metropolitan Police Department, or the Clark County Detention Center that resulted in his injury. All claims against these defendants should be dismissed with leave to amend.[1]

      e.      <u>Las Vegas Metropolitan Police Officers Dear, Gova, Hardrer, #8376, John Doe #1, John Doe #2, and John Doe #3</u>

Turner's claims against the seven Las Vegas Metropolitan Police (Metro) officers arise from two separate incidents. The first incident occurred when Turner was arrested. He alleges that an officer kicked him after he had been handcuffed. (ECF No. 1-1) Another officer allegedly threated to kill Turner and to have him raped in jail. (*Id.*) Turner does not identify which officer was responsible for what conduct. Without this information, this court is unable to determine which officer, if any, is responsible for Turner's alleged injury.

The second incident occurred while Turner was detained at the Clark County Detention Center. Officer Dear and another Metro officer allegedly referred to Turner as a "child molester" in front of other inmates. Turner, however, has not alleged that he suffered any actual injury as a result of the officers' comments. *See Barno v. Ryan*, No. 07-cv-1373 JM(WMC), 2008 WL 4951593 at *2 (S.D. Cal. 2008)("The plaintiff must show condition which impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.")

Since Turner has failed to set forth an adequate factual context for his claims against the Metro officers, all claims against the officers should be dismissed with leave to amend.

ACCORDINGLY, and for good cause shown,

---

[1] Turner identifies interference with his legal mail as his primary claim against the entity defendants. However, Turner has not provided sufficient factual detail for this court to determine whether he has stated a claim based on the entity defendant's alleged actions regarding his legal mail.

IT IS ORDERED that Turner's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Turner's claims against Judge Goodman, Deputy District Attorney Rinetti, the State of Nevada, and the Nevada Department of Parole and Propagation be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Turner's claims against Clark County, the Las Vegas Metropolitan Police Department, the Clark County Detention Center, and the Metro officer are DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1)

failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 9th day of January, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE