**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JOHN TURNER,

          Plaintiff,

vs.

CLARK COUNTY; *et.al.*,

          Defendants.

Case No. 2:16–cv–2413–RFB–VCF

**<u>REPORT & RECOMMENDATION</u>**

     Before the court is Turner's third amended complaint. (ECF No. 8). Turner was previously granted leave to proceed with this action *in forma pauperis*. (ECF No. 2). Pursuant to 28 U.S.C. § 1915(e)(2), the court screens Turner's amended complaint to determine whether his amended complaint is frivolous, malicious, or fails to state a claim for which relief may be granted. For the reasons stated below, Turner should be allowed to proceed on some of claims alleged in his third amended complaint.

**I. Discussion**

     Because the court granted Turner's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Plaintiff's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

     Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible."

556 U.S. 662, 680 (2009).  The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief.  *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

/// /// ///

/// /// ///

1.  Count I

"A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). All claims that law enforcement officers have used excessive force—deadly or otherwise—in the course of an arrest must be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005). The Fourth Amendment reasonableness analysis "requires balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interest at stake' to determine whether the use of force was objectively reasonable under the circumstances." *Id.* (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865)).

Turner alleges Metro Officer #8376 kicked him while he was being arrested. (ECF No. 8) Additionally, Turner alleges that Officer #8376 along with Metro Officers John Doe #1, #2, and #3 shoved him into a trash can. (*Id.*) Although sparse on detail, Turner has alleged facts sufficient to state for excessive force against Metro Officers Joe Doe #1, #2, #3 and Metro Officer #8376.

2.  Count II

"The [Eighth] Amendment … imposes duties on [prison] officials, who must provide human conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measure to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828. "[D]eliberate indifference occurs when an official acted or failed to act despit his knowledge of a substantial risk of serious harm." *Willard v. California Dept. of Corrections and Rehabilitation*, No. 1:14-cv-760-BAM, 2015 WL 1498706 at *6 (E.D.Cal. 2015).

Turner alleges that while he was being held at the Clark County Detention Center a number of module officers repeatedly called Turner a "snitch" and a "child molester." (ECF No. 8) Ordinarily, these types of allegations accompany a claim that jail officials were deliberately indifferent to the risk of physical harm an inmate is placed in if he is a known "snitch" or is charged with a sex crime against a minor. *See Willard*, 2015 WL 1498706 at *6. However, Turner does not allege that he was subject to, or threatened with, physical harm as a result of the officers' comment. (*Id.*) Turner does not even allege that other inmates overheard the officers' comments. Turner has failed to state a claim for relief against jail officials.

3. Count III

"Prison authorities must provide indigent inmates at state expense with the supplies and services required for access to the courts, including paper and pen to draft legal document, notarial services to authenticate those documents, and stamps with which to mail them." *Canell v. Bradshaw*, 840 F.Supp. 1382, 1391 (D.Or. 1993). When an inmate alleges "a denial of legal supplies, the court must consider whether the plaintiff has alleged an actual injury to court access, i.e. some specific instance in which an inmate was actually denied access to the courts." *Id.*

Turner alleges that Nevada Department of Corrections officials denied him legal supplies in September and October 2016. (ECF No. 8) Turner has failed to allege actual injury; he has not identified a particular motion or pleading that he was unable to file as a result of being denied legal supplies. *Canell*, 840 F.Supp. at 1391.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Counts II and III of Turner's third amended complaint (ECF No. 8) be DISMISSED. Turner may proceed on Count I against Metro Officer John Doe #1, #2, #3, and Metro Officer #8376.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO RECOMMENDED.

DATED this 14th day of March, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE