# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

JOHN TURNER,

            Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

            Defendants.

Case No. 2:16-cv-02413-RFB-VCF

**ORDER**

Motion for Leave to File an Amended Complaint (ECF No. 33)

      This matter involves Plaintiff John Turner's civil-rights action arising from his arrest, detention, and court proceedings in Las Vegas, Nevada. Before the Court is Turner's Motion for Leave to File an Amended Complaint (ECF No. 33). Turner's motion is denied without prejudice because Turner did not attach an amended pleading to his motion as required by the local rules of practice for the United States District Court for the District of Nevada.

## I. BACKGROUND

      Turner originally filed an application to proceed *in forma pauperis* and complaint in October 2016. The Honorable Richard F. Boulware II dismissed with prejudice Turner's claims against Judge Goodman, Deputy District Attorney Rinetti, the State of Nevada, and the Nevada Department of Parole and Probation. *See* ECF No. 3 at 2. Turner's claims against Clark County, the Las Vegas Metropolitan Police Department, the Clark County Detention Center, and the Metro Officer were dismissed with leave to amend. *Id.* Turner filed a third amended complaint in February 2017. *See* ECF No. 8. After screening the complaint under 28 U.S.C. § 1915(e)(2), this Court recommended that "Counts II and III of Turner's third amended complaint" be dismissed, but "Count I against Metro Officer John Doe #1, #2, #3, and Metro Officer #8376" be allowed to proceed. *See* ECF No. 14 at 4. Turner did not timely object to the

1

undersigned's report and recommendation. *See* ECF No. 20 at 1 ("Pursuant to Local Rule IB-3-2(a), objections were due by March 28, 2017. No objections have been filed."). On April 3, 2017, the Honorable Richard F. Boulware II issued an order adopting in full the undersigned's report and recommendation concerning Turner's third amended complaint. *See* ECF No. 20 at 2. A few days later, Turner filed a notice of appeal for that order. *See* ECF No. 24. The Ninth Circuit Court of Appeals dismissed Turner's appeal for lack of jurisdiction. *See* ECF No. 32. Now, Turner asks the Court for leave to file an amended complaint.

## II. DISCUSSION

As a preliminary matter, the Court recommends that the dismissal of Counts II and III of Turner's third amended complaint should be construed under Fed. R. Civ. P. 60(a) as being without prejudice. The previous report and recommendation (ECF No. 14) stated "IT IS RECOMMENDED that Counts II and III of Turner's third amended complaint (ECF No. 8) be DISMISSED." *See* ECF No. 14 at 4. Identical language was used in the order adopting the undersigned's report and recommendation. *See* ECF No. 20 at 2. Under Fed. R. Civ. P. 60(a), a court, on its own initiative, "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *See* Fed. R. Civ. P. 60(a); *see also* 11 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure*, § 2853, 300-301 (3d ed. 2010) ("the correction of clerical mistakes in judgments, orders, or other parts of the record as well as the correction of errors arising from oversight or omission … is a power that the courts always have had.").

In particular, a court may use Rule 60(a) to clarify its intent about whether an order or judgment was without or without prejudice. *See In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986); *see also Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) ("Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original

2

order, to ensure that the court's purpose is fully implemented, or to permit enforcement."); *Guerrero Co. v. Sealift Pacific*, 650 F.2d 1072, 1074 (9th Cir. 1981) (A judge may use Rule 60(a) "to make an order reflect the actual intentions of the court, plus necessary implications."). Turner did not timely object to this Court's report and recommendation. In light of Turner's *pro se* status and incarceration, however, the dismissal of Counts II and III of Turner's third amended complaint should be construed as being without prejudice. *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1741, L. Ed. 2d 529 (2012) ("Inadvertently designating a dismissal as being 'without prejudice' instead of 'with prejudice' is the type of rote, typographical error of transcription that could be committed by a law clerk or a judicial assistant. It is not an error of judgment or legal reasoning."); *see also* 11 Wright et al., *supra*, § 2853, 303-07 ("A great variety of matters have been held by the courts to come within Rule 60(a)," including "clerical errors, the failure to enter judgment or an opposing party's motion, the omission of a filing date, and mathematical computations.").

The Court now turns to Turner's Motion for Leave to File an Amended Complaint. The Court notes that Turner's motion is difficult to comprehend due to the style and manner in which it was drafted. Nevertheless, the Court discerns the following reasons that Turner seeks leave to amend: (1) to identify the names of three John Doe's in Count 1; and (2) to properly address the deficiencies in Count II and Count III, in particular to allege a more robust claim of retaliation that the defendant correctional officers have allegedly displayed. *See* ECF No. 33 at 2.

Local Rule 15-1(a) states:

> Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.

3

Turner did not attach an amended pleading to his motion for leave to file an amended complaint. The Court is unable to screen the amended complaint, as required by federal law. Thus, Turner's Motion for Leave to File an Amended Complaint is denied without prejudice.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff John Turner's Motion for Leave to File an Amended Complaint (ECF No. 33) is DENIED without prejudice. Pursuant to the Court's prior rulings, Turner may file a 4th Amended Complaint attempting to cure the deficiencies in Counts II or III previously noted (ECF No. 14). The 4th Amended Complaint must be filed on or before August 4, 2017. If Turner fails to timely file an Amended Complaint that addresses the defects noted, the Court will recommend dismissal of Counts II and III with prejudice.

IT IS FURTHER ORDERED that if Turner files a 4th Amended Complaint, the Clerk of the Court is directed **NOT** to issue summons on the 4th Amended Complaint. The Court will issue a screening order on the 4th Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

/ / /

/ / /

/ / /

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the U.S. Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 3rd day of July, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE