UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN TURNER,

Plaintiff,

v.

CLARK COUNTY, et al.,

Defendants.

Case No. 2:16-cv-2413-RFB-VCF

ORDER

## I. INTRODUCTION

Before the Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 11. For the reasons stated below, the motion is denied.

## II. BACKGROUND

The Third Amended Complaint was filed on February 27, 2017. ECF No. 8. The Complaint asserted three counts: (1) Fourth Amendment excessive force related to his arrest; (2) Eighth Amendment unconstitutional conditions for comments made by officers while he was incarcerated at CCDC; and (3) Access to the Courts for denial of legal supplies by the NDOC. In a Report and Recommendation filed on March 14, 2017, Judge Ferenbach recommended dismissal of Counts II and III. The Report and Recommendation was adopted in full on April 3, 2017. ECF No. 20.

## III. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 20). The Ninth Circuit has also held that a preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). According to this test, a plaintiff can obtain a preliminary injunction by showing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Id. at 1134-35 (citation omitted).

"[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). [It] requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id. at 636.

### IV. DISCUSSION

Plaintiff's Motion makes the following discernible allegations and claims for relief: (1) an order enjoining defendants from classifying Plaintiff as a level III inmate and sending him to the [illegible] building 5 or 6; (2) Plaintiff has been suffering from idleness due to not being assigned work or vocational training programs; (3) Plaintiff disclosed at medical screening that he had a seizure; (4) Plaintiff is entitled to basic education, work release, college or vocational training; (5) Plaintiff pleads deliberate indifference for placing him on a top bunk given that he had a seizure, and even though he had a bottom bunk chrono.

There is not a sufficient nexus between these claims and requests for relief and any of the claims originally pled in the Third Amended Complaint. The only potentially overlapping legal claim is for unconstitutional conditions, yet the Third Amended Complaint and Motion for Preliminary Injunction plead entirely different facts as to conditions.

The Plaintiff may file a separate action if he deems it appropriate regarding the issues he seeks to address with the preliminary injunction and this Court's ruling is not meant to indicate how such a court would rule on such a future case.

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that [11] Motion for Preliminary Injunction is denied. Plaintiff may move to amend to his complaint to assert claims that correspond to the relief requested in the Motion for Preliminary Injunction.

DATED: September 25, 2017

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**