# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JOHN TURNER,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

        Defendants.

2:16-cv-02413-RFB-VCF

**ORDER**

FIFTH AMENDED COMPLAINT SCREENING [ECF NO. 63]

Before the Court is Plaintiff John Turner's Fifth Amended Complaint. (ECF No. 63). For the reasons discussed below, Plaintiff's Fifth Amended Complaint is dismissed without prejudice.

## BACKGROUND

On October 14, 2016, Plaintiff filed an application to proceed *in forma pauperis* and complaint, generally alleging that his rights were violated during and after his arrest. (ECF Nos. 1, 1-2). The Court granted the application to proceed *in forma pauperis*, but recommended that the complaint be dismissed with leave to amend. (ECF No. 2). Plaintiff previously filed four amended complaints, and none to date have survived the Court's screening process. (ECF Nos. 14, 20, 40, 62).

## ANALYSIS

When the Court grants an application to proceed *in forma pauperis*, the Court must review the complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

1

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court makes two important notes before screening the complaint pursuant to § 1915(e). First, the complaint is difficult to read, and the Court has interpreted the complaint to the best of its abilities. To the extent the Court has misread the complaint, Plaintiff is cautioned to ensure that any subsequent complaint is legible. Second, the Court will not take into account Plaintiff's Memorandum of Points and Authorities in Support of 5th Amendment Complaint. (ECF No. 69). A "proposed amended pleading must be complete in and of itself." LR 15-1(a).

## I. Plaintiff's Claims

Plaintiff seeks to bring 42 U.S.C. § 1983 claims based on his First, Fifth, Eighth, and Fourteenth Amendment rights. (ECF No. 63 at 10). However, Plaintiff merely lists these all these rights in a single place in his complaint (*Id.*), and does not connect any of the factual allegations in his complaint to a specific right (*Id.* at 12, 14-17). Plaintiff does not separate the rights out into separate claims or state which provisions of the First, Fifth, Eighth, and Fourteenth Amendments Defendants have allegedly violated. Plaintiff has been more specific in describing the rights Defendants have allegedly violated in his past proposed complaints (*see* ECF No. 8 at 6-8), but the formatting of Plaintiff's complaint has changed in his latest submission.

Without any indication of how Plaintiff's factual allegations relate to any specific civil right violation, the Court cannot find that Plaintiff's Fifth Amendment complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff may be able to cure this deficiency through amendment. Therefore, the Court orders that Plaintiff's Fifth Amended complaint be dismissed with leave to amend.

## II. Defendants

In addition to the issues noted with the rights Plaintiff alleges have been violated, there are several difficulties with the Defendants Plaintiff lists in his Fifth Amended Complaint. Plaintiff lists 26 Defendants, not including the Doe Officer. (ECF No. 63 at 3-10). Of those Defendants, four have specific allegations against them that could potentially show a violation of Plaintiff's rights: Officer J. Winn (threatening to have Plaintiff raped in jail), Officer D. Dear (provoking Plaintiff into an altercation), Officer G. Hader (taking something from Plaintiff while in prison without cause), and Correctional Officer B. Williams (interfering with Plaintiff's mail and falsely accusing Plaintiff of failing to follow rules). (*Id.* at 14-15, 17). However, the remaining 22 Defendants do not have sufficient allegations against them to state any cause of action.

11 of the 26 Defendants Plaintiff lists are not mentioned anywhere in Plaintiff's factual allegations: Daniel Woodard, Richard Suet, Brian Williams, S. Howell, Gentry, F. Dreesen, Timothy Filson, Mike Byrne, James Dzurenda, I. Fouquet, and A. Goodrich. (*Id.* at 12, 14-17). Generally, individuals cannot be held vicariously liable for the actions of others in § 1983 actions. *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989). Plaintiff must allege how each Defendant was involved in the deprivation of his rights.

Five Defendants have some allegations against them, but the allegations do not show any violation of Plaintiff's rights. Plaintiff alleges Officer M. Gove called Plaintiff a child molester. (ECF No. 63 at 14). However, without any allegation that Plaintiff was harmed as a result of this comment, Plaintiff has failed to state any claim against Gove. *Willard v. California Dept. of Corrections and Rehabilitation*, No. 1:14-cv-760-BAM, 2015 WL 1498706 at *6 (E.D.Cal. 2015). Plaintiff asserts Officer Bonner made a comment about Plaintiff not going home before Plaintiff's arraignment (ECF No. 63 at 14), but Plaintiff fails to show that this comment had any impact on the decision the Court made regarding bail. Plaintiff alleges Hearing Officer Kristopher Ledingham "conducted a shady hearing" (*Id.* at 17), but fails to specify

what was "shady" about it. Plaintiff asserts Case Worker Barett discriminated against Plaintiff in assigning Plaintiff to specific locations (*Id.* at 17), but Plaintiff does not explain how or why Barett's actions were unconstitutionally unfair. Plaintiff alleges H.D.S.S. Low Literacy Supervisor James Graham was somehow related to Plaintiff being denied indigent legal supplies (*Id.* at 15), but the allegations are vague and difficult to follow.

The Court also finds it difficult to understand Plaintiff's allegations against Sheriff Joseph M. Lombardo, Henderson Constable Earl T. Mitchell, and the Las Vegas Constable Office. Plaintiff asserts that he has been discriminated against by process servers associated with the constable and sheriff because they "have intentionally made it to [where] Plaintiff [was] unable to have civil complaint served upon defendant(s)." (*Id.*). Assuming Plaintiff is referring to the complaint in this case, service has not yet been ordered by the Court. Therefore, there have been no wrongful actions by any process servers in this case.

Finally, the Court re-states a point made to Plaintiff in a previous screening order (ECF No. 2 at 4): "In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016). Plaintiff fails to allege that any policy by the Las Vegas Metropolitan Police Department, Clark County, or the City of Las Vegas caused an injury to him.

Of the 26 named Defendants in Plaintiff's Fifth Amended Complaint, 22 clearly need further factual allegations in order for Plaintiff to state any claim against them. Plaintiff may be able to cure these deficiencies through amendment.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Fifth Amended Complaint (ECF No. 63) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until November 21, 2018 to file a Sixth Amended Complaint. Plaintiff is cautioned that a "proposed amended pleading must be complete in and of itself."

LR 15-1(a). Failure to timely file a Sixth Amended Complaint may result in a recommendation that the case be dismissed with prejudice.

IT IS FURTHER ORDERED that if a Sixth Amended Complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the Sixth Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (See *Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (See *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (See LSR 2-2).

DATED this 16th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE