# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JOHN TURNER,<br><br>          Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>          Defendants. | 2:16-cv-02413-RFB-VCF<br><br>**<u>ORDER</u>**<br><br>SIXTH AMENDED COMPLAINT SCREENING [ECF NO. 96] |

      Before the Court is Plaintiff John Turner's Sixth Amended Complaint. (ECF No. 96). For the reasons discussed below, Plaintiff's Sixth Amended Complaint is dismissed without prejudice.

## BACKGROUND

      On October 14, 2016, Plaintiff filed an application to proceed *in forma pauperis* and complaint, generally alleging that his rights were violated during and after his arrest. (ECF Nos. 1, 1-2). The Court granted the application to proceed *in forma pauperis*, but recommended that the complaint be dismissed with leave to amend. (ECF No. 2). Plaintiff previously filed five amended complaints, and none to date have survived the Court's screening process. (ECF Nos. 14, 20, 40, 62, 90).

## ANALYSIS

      When the Court grants an application to proceed *in forma pauperis*, the Court must review the complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

1

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Before screening the complaint pursuant to § 1915(e), the Court notes that the complaint is difficult to read due to both the handwriting and the use of abbreviations and terms that Plaintiff does not explain. The Court has interpreted the complaint to the best of its abilities. To the extent the Court has misread the complaint, Plaintiff is cautioned to ensure that any subsequent complaint is legible.

## I. Defendants

Plaintiff names 29 Defendants in the Sixth Amended complaint. (ECF No. 96 at 2-10). One of the Defendants, S. Rose (*Id.* at 10), has no allegations against him or her in the rest of the complaint. In addition, despite saying that Plaintiff could not identify several officers involved in his arrest without discovery (*Id.* at 11), Plaintiff does not list any Doe Defendants. Finally, Plaintiff brings several claims against the Nevada Department of Corrections. (ECF No. 96-1 at 26, 80, 139, 159, 161). "To succeed with claims against a government, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom or through a failure to train employees adequately." *Roberts v. Nevada*, No. 2:10-CV-00255-PMP, 2010 WL 2720840, at *2 (D. Nev. July 7, 2010) (internal citations omitted). Plaintiff fails to allege that his claims are based on an official policy or failure to train employees. These deficiencies may be cured by amendment.

## II. Plaintiff's Counts

Plaintiff brings 12 Counts in the Sixth Amended complaint. (ECF No. 96 at 11; ECF No. 96-1 at 5, 7, 15, 26, 64, 79, 99, 129, 139, 159, 163). Each of these counts lists some combination of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments as source of an alleged violation of Plaintiff's constitutional rights. (*Id.*). Many of the counts do not specify how each Amendment is implicated in the claim. For example, Count 1 states Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights

have been violated. (ECF No. 96 at 11). However, Plaintiff later states that he is bringing "an excessive force claim." (*Id.*). "Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment," which are applied to Plaintiff through the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (U.S. 1989). Plaintiff does not explain how the Fifth or Eighth Amendment apply in Count 1. In addition, Count 2 cites the First, Fifth, Eighth, and Fourteenth Amendments, but Plaintiff only discusses a deliberate indifference and excessive force claim under the Eighth Amendment. (ECF No. 96-1 at 5-6). Plaintiff does not explain how any other Amendment, such as the First Amendment right to free speech or petition the government, relates to Count 2.

Because Plaintiff includes unexplained Amendments in his counts, the Sixth Amended complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Court will not go through each of the 12 Counts to explain whether every citation to an Amendment is properly justified. Plaintiff must only include Amendments that he can relate to each claim. These deficiencies may be cured by amending the complaint.

The Court notes that several of Plaintiff's counts do appear to have merit under at least one Amendment. Count 1 and contains sufficient facts to state a claim for excessive force. (ECF No. 96 at 11). Though Count 2 is vague, it appears to contain details of harm suffered by Plaintiff sufficient to support a claim for deliberate indifference. (ECF No. 96-1 at 5-6). Counts 3-5 allege interference with Plaintiff's legal documents by prison staff. (*Id.* at 7, 15, 26). Though Counts 6 and 7 are vague, they appear to assert that prison officials abused prison regulations to punish Plaintiff. (*Id.* at 64-65, 79-80). Count 10 alleges that prison officials and staff lied to the Court and Parole Board, which could implicate due process. (*Id.* at 139).

However, Counts 8, 9, 11, and 12 are not sufficiently pled. (*Id.* at 99-100, 129, 159-161, 163-164). Merely denying grievances, mistakenly handing a grievance to the wrong inmate, and ignoring Plaintiff

when he is attempting to retrieve material in the law library, without further details, is not sufficient to support deliberate indifference, equal protection, or denial of access to the Court claims. The Court cannot follow Plaintiff's allegations regarding being exposed to cold, the dangers posed by other inmates due to his transfer between units, and the link between discovery materials and retaliation. These deficiencies may be cured by amending the complaint.

### III. Claim for Relief

Plaintiff's Sixth Amended Complaint does not appear to contain a request for relief. There is a "Request for Relief" page within the complaint, but it seems to merely be an attachment relating to Count 3, likely from a previously submitted complaint. (ECF No. 96-1 at 14). This deficiency may be cured by amending the complaint.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Sixth Amended Complaint (ECF No. 96) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until January 11, 2019 to file a Seventh Amended Complaint. Plaintiff is cautioned that a "proposed amended pleading must be complete in and of itself." LR 15-1(a). Failure to timely file a Seventh Amended Complaint may result in a recommendation that the case be dismissed with prejudice.

IT IS FURTHER ORDERED that if a Seventh Amended Complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the Seventh Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.

### NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an

appeal has been waived due to the failure to file objections within the specified time. (See *Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (See *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (See LSR 2-2).

DATED this 6th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE