UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN TURNER, | Case No. 2:16-cv-02413-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Before the Court are Plaintiff's Motion for Reconsideration (ECF No. 82), Motion to Strike (ECF No. 83), Motion for Order to Show Cause (ECF No. 84), Motion for Relief (ECF No. 85), Motion for Partial Summary Judgment (ECF No. 95), and Motion for Preliminary Injunction (ECF No. 98).

## I. PROCEDURAL BACKGROUND

Plaintiff filed the complaint on October 14, 2016. ECF No. 1. On January 26, 2017, the Court screened Plaintiff's complaint and provided Plaintiff an opportunity to cure several deficiencies. ECF Nos. 2, 3. The Court has screened and dismissed three further iterations of Plaintiff's complaint. ECF Nos. 20, 90, 99. Plaintiff has been granted leave to file a seventh amended complaint by January 11, 2019. ECF No. 99.

## II. FACTS ALLEGED

The Court summarizes the facts alleged in Plaintiff's Motion for Preliminary Injunction.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections. Plaintiff sought to send his Sixth Amended Complaint to this Court in a sealed envelope. A correctional officer required Plaintiff to open the envelope for an inspection of its contents, even though the envelope was addressed to the Clerk of Court.

Plaintiff alleges that this inspection of his legal mail constitutes retaliation for his exercise of his right to petition the courts and seeks a preliminary injunction enjoining Defendants from inspecting his outgoing legal mail.

**III.   LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

**IV.   DISCUSSION**

While prison inmates retain their First Amendment right to send and receive mail, the Ninth Circuit has held that a prison's policy of performing a cursory visual inspection of outgoing mail is constitutionally permissible. Witherow v. Paff, 52 F.3d 264, 265–66 (9th Cir. 1995) (per curiam). Constitutional concerns may arise where officers read a prisoner's legal mail or open a

prisoner's legal mail outside the presence of the prisoner. See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014). But it is appropriate for an officer to examine outgoing legal mail "to confirm that it does not include suspicious features such as maps" or to "mak[e] sure that illegal goods or items that pose a security threat are not hidden in the envelope." Nordstrom v. Ryan, 856 F.3d 1265, 1272 (9th Cir. 2017).

Plaintiff alleges that, pursuant to prison policy, a correctional officer instructed Plaintiff to open his sealed envelope so that the contents could be inspected in Plaintiff's presence. Plaintiff does not clearly and unambiguously state that the correctional officer read his legal mail. Instead, Plaintiff's filing suggests that the officer inspected Plaintiff's mail for security threats. Such inspections of mail, including legal mail, are constitutionally permissible. Therefore, Plaintiff has not established a likelihood of success on the merits. The Court need not address the other preliminary injunction elements.

**V.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 98) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 95) is DENIED without prejudice as Plaintiff does not have an operative complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 83) Defendants' Opposition (ECF No. 66) to the Motion for Preliminary Injunction (ECF No. 58) is DENIED as moot because the Court denied the underlying Motion for Preliminary Injunction on December 15, 2017 (ECF No. 70).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction (ECF No. 84) and Plaintiff's Pleading (ECF No. 85), which the Court construes as a Motion for Preliminary Injunction, are DENIED without prejudice because Plaintiff has not sufficiently established an imminent threat to his safety, as this Court explained on the record at the hearing held April 3, 2018 (ECF No. 70).

**IT IS FURTHER ORDERED** that the remaining pending motion in this case, Plaintiff's Motion for Reconsideration (ECF No. 82), is DENIED without prejudice as the case is currently STAYED (ECF No. 70).

DATED this 7th day of December, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**