# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

JOHN TURNER,

           Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, *et al.*,

           Defendants.

2:16-cv-02413-RFB-VCF

**REPORT AND RECOMMENDATION**

SEVENTH AMENDED COMPLAINT SCREENING [ECF
NO. 104]

Before the Court is Plaintiff John Turner's Seventh Amended Complaint. (ECF No. 104). For the reasons discussed below, (1) Defendants I. Fouquet, "D," the State of Nevada, Bonner, M. Gove, and P. Hernandez should be dismissed from the case with prejudice; (2) Counts 4 and 9 should be dismissed with prejudice; and (3) the First Amended Complaint should be allowed to proceed on Counts 1, 2 (as to G. Hoder and Diaz), 3, 5, 6, 7, and 8.

## BACKGROUND

On October 14, 2016, Plaintiff filed an application to proceed *in forma pauperis* and complaint, generally alleging that his rights were violated during and after his arrest. (ECF Nos. 1, 1-2). The Court granted the application to proceed *in forma pauperis*, but recommended that the complaint be dismissed with leave to amend. (ECF No. 2). Plaintiff previously filed six amended complaints, and none to date have survived the Court's screening process. (ECF Nos. 14, 20, 40, 62, 90, 96).

## ANALYSIS

When the Court grants an application to proceed *in forma pauperis*, the Court must review the complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.

1

28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief."  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Before screening the complaint pursuant to § 1915(e), the Court notes that the complaint is difficult to read due to both the handwriting and the use of abbreviations and terms that Plaintiff does not explain. The Court has interpreted the complaint to the best of its abilities.

**I.     Defendants**

Plaintiff names 23 Defendants in the Seventh Amended complaint.  (ECF No. 104 at 2-8). Defendants I. Fouquet (*Id.* at 2) and "D" (*Id.* at 3) have no allegations against them in the rest of the complaint.  In addition, Plaintiff lists the State of Nevada as a Defendant.  (*Id.* at 8).  "[C]ourts must dismiss section 1983 claims brought against '[s]tates and governmental entities that are considered "arms of the State" for Eleventh Amendment purposes.'" *Selander v. Eighth Judicial Dist. Court*, No. 3:18-cv-00092-MMD-CBC, 2018 WL 6929256, at *2 (D. Nev. Oct. 31, 2018), *report and recommendation adopted,* No. 3:18-cv-00092-MMD-CBC, 2019 WL 95775 (D. Nev. Jan. 3, 2019) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989)). Therefore, Defendants Fouquet, "D," and the State of Nevada should be dismissed from the case with prejudice.

The Court acknowledges that many, if not all, of the Defendants may be able to argue that they are immune from suit for various reasons.  However, due to the large number of Defendants and various immunities they may raise, the Court will not address immunity at this juncture and will leave it to the Defendants to argue this matter when they enter the case.

## II.     Plaintiff's Counts

Plaintiff brings nine Counts in the Seventh Amended complaint.  (ECF No. 104 at 9-33).  The Court notes that the Counts are presented out of order, and Plaintiff's request for relief is mixed into the middle of the complaint (*Id.* at 29) rather than presented at the end.  However, considering that this is Plaintiff's Seventh Amended complaint, it would not be efficient to have Plaintiff re-file the complaint to fix these errors.

Count 1 is brought against Defendants Las Vegas Metropolitan Police Department,[1] Daniel Woodard, A. Goodrich, and J. Winn.  (*Id.* at 9-10).  Plaintiff alleges several officers used excessive force in arresting him, threatened Plaintiff while transporting him, and obtained a warrant with false information.  (*Id.*).  Plaintiff's allegations contain enough information to support claims for excessive force and false arrest at this stage in the litigation.  *See Fontana v. Haskin*, 262 F.3d 871, 878-79 (9th Cir. 2001) (describing factors that would make a seizure unreasonable under the Fourth Amendment); *Borunda v. Richmond,* 885 F.2d 1384, 1391 (9th Cir.1988) ("[A]n arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983").  Therefore, Count 1 should be allowed to proceed.

Count 2 is brought against Defendants Bonner, M. Gove, G. Hoder, and Diaz.  (ECF No. 104 at 11).  Plaintiff alleges that Bonner and Gove made comments about Plaintiff while in custody, resulting in "stares and comments from other inmates."  (*Id.*).  Plaintiff also alleges that Hoder wrongfully took away Plaintiff's free time and Diaz used excessive force against Plaintiff.  (*Id.*).  The Court previously told Plaintiff that without any allegation that Plaintiff was harmed as a result of Defendants' comments, Plaintiff has failed to state a claim.  *Willard v. California Dept. of Corrections and Rehabilitation*, No. 1:14-cv-760-BAM, 2015 WL 1498706 at *6 (E.D.Cal. 2015).  Mere "stares and comments" are not harm. However, read liberally, Plaintiff's allegations against Hoder and Diaz could support due process and

---

[1] The Court is construing Plaintiff's allegations to be against currently unknown members of the Las Vegas Metropolitan Police Department rather than the department as a whole.

cruel and unusual punishment claims.  *See Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974) (holding that inmates cannot be deprived of life, liberty, or property without due process); *Hudson v. McMillian*, 503 U.S. 1, 4 (1992) (discussing the use of excessive physical force against a prisoner).  Therefore, Bonner and Gove should be dismissed from the complaint with prejudice and Count 2 should be allowed to proceed as to Hoder and Diaz.

Count 3 is brought against Defendants Diaz and J. Nash. (ECF No. 104 at 12).  Plaintiff alleges that Diaz took some of Plaintiff's documents and Nash denied Plaintiff's grievance regarding Diaz's conduct.  (*Id.*).  It is possible that intentional destruction of an inmate's property could violate the inmate's due process rights if the facility does not provide an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 536 (1984).  Read liberally, Plaintiff's allegations against Diaz and Nash could support a due process claim.  Therefore, Count 3 should be allowed to proceed.

Count 4 is brought against Defendants Jacque Graham and Nash.  (ECF No. 104 at 22-23).  Plaintiff alleges Graham violated Plaintiff's right to access the Courts by lying in a declaration and Nash made comments about Plaintiff being "crazy."  (*Id.* at 22-23).  The allegation against Graham has no details regarding what declaration he made or how he lied.  Once again, Plaintiff fails to allege that he suffered any harm due to Nash's comments.  Therefore, Count 4 should be dismissed with prejudice.

Count 5 is brought against Defendants Graham, Brian Williams, Nash, J. Gentry, and James Dzurenda.  (*Id.* at 19-21).  Plaintiff alleges that Gentry "left Plaintiff no administrative remedy" regarding an incident of missing documents.  (*Id.* at 20).  Plaintiff also alleges Graham, Williams, Nash, and Dzurenda violated his right to access the Courts by denying him legal supplies and lying to the Court about returning documents. (*Id.* at 21).  Prisons "are required to provide a reasonable supply of paper and envelopes for the indigent inmates so as to permit them access to the courts."  *Morgan v. Nevada Bd. of State Prison Comm'rs*, 593 F. Supp. 621, 624 (D. Nev. 1984).  Read liberally, Plaintiff's allegations could support an access to the courts claim.  Therefore, Count 5 should be allowed to proceed.

Count 6 is brought against Defendants Gentry and Beatrice Williams.  (ECF No. 104 at 17-18).  Plaintiff alleges these Defendants falsely wrote Plaintiff up while in prison, wrongfully searched his mail, and caused his objections to be untimely filed with the Court.  (*Id.*).  Read liberally, Plaintiff's allegations could support a due process claim.  Therefore, Count 6 should be allowed to proceed.

Counts 7 and 8 are brought against Defendants Gentry, Barrett, Kristopher Ledingham, Timothy Filson, Mike Byrne, Tasheena Sandoval, and Dzurenda.  (*Id.* at 13-16).  Plaintiff alleges he was subjected to unfair disciplinary hearings resulting in his being placed in disciplinary segregation and transferred to another facility.  (*Id.*).  "[A] prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that imposes an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.'"  *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Read liberally, Plaintiff's allegations could support a due process claim.  Therefore, Counts 7 and 8 should be allowed to proceed.

Count 9 is brought against Defendants Filson, Byrne, Sandoval, P. Hernandez, and Dzurenda.  (ECF No. 104 at 32-33).  Plaintiff alleges the Defendants have kept Plaintiff in prison past his mandatory parole date.  (*Id.* at 32).  "[A] person who is in state custody may not use § 1983 to challenge 'the very fact or duration of ... confinement' by seeking 'a determination that he is entitled to immediate release or a speedier release from that imprisonment.'"  *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2013).  Therefore, Count 9 should be dismissed with prejudice.  As Count 9 is the only count to mention Defendant Hernandez, Hernandez should be dismissed from the case with prejudice.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Defendants I. Fouquet, "D," the State of Nevada, Bonner, M. Gove, and P. Hernandez be dismissed from the case with prejudice.

IT IS FURTHER RECOMMENDED that Counts 4 and 9 of the First Amendment Complaint (ECF No. 104) be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the First Amended Complaint (ECF No. 104) be allowed to proceed on Counts 1, 2 (as to G. Hoder and Diaz), 3, 5, 6, 7, and 8.

IT IS FURTHER RECOMMENDED that the Clerk of Court issue summons to the remaining Defendants so Plaintiff's remaining claims may proceed.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (See *Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (See *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (See LSR 2-2).

DATED this 22nd day of January, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE